IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BERNARDO ALBERTO OCAMPO
PINEDA, A206014623,

      Petitioner,

vs.                               Case No. 3:15-cv-00894-DRH

CHIEF DIRECTOR of the DEPT.
of HOMELAND SECURITY,
DIRECTOR – CHICAGO
FIELD OFFICE of IMMIGRATION
CUSTOMS ENFORCEMENT,
ATTORNEY GENERAL,
WARDEN – MCHENRY CO. JAIL,
WARDEN – TRI-COUNTY
DETENTION CENTER,

      Respondents,

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner Bernardo Alberto Ocampo Pineda is currently imprisoned at the Tri-County Detention Center in Ullin, Illinois (Doc. 10). Proceeding *pro se*, Ocampo Pineda filed his petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Northern District of Illinois, while he was housed in the McHenry County Jail. The case was transferred to this Court on August 12, 2015, after it was learned that petitioner had been transferred to a facility in this district (Doc. 10).

    Petitioner is a citizen of Mexico who has lived in the United States since June 2000, when he was 14 years old. He challenges his continued detention by

Immigration & Customs Enforcement officials, who have held him in custody since November 20, 2013 (Doc. 1, p. 1). An immigration judge ordered his removal from the United States, and he claims the removal order became final on January 30, 2014 (Doc. 1, p. 2). He argues that under *Zadvydas v. Davis*, 533 U.S. 678 (2001), six months is the "presumptively reasonable period" during which an alien may be detained by Immigration and Customs Enforcement ("ICE") in order to effectuate his removal. This six-month period ended on May 20, 2014, yet petitioner has not been released or removed (Doc. 1, p. 2).

According to petitioner, his continued detention is improper because he has been detained pending removal for longer than the six months that is presumptively allowed under *Zadvydas*, and there is no likelihood of his removal in the reasonably foreseeable future. He also claims that his substantive and procedural due process rights have been violated.

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts, and a response shall be ordered.

However, petitioner has named several respondents that are not proper in a § 2241 action. In *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006), the Seventh Circuit held that an immigration detainee raising substantive and procedural due process challenges to his "confinement while awaiting removal"

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

could only name the person who has immediate custody of him during his detention, and not high-level Immigration and Customs Enforcement officials or the Attorney General. Accordingly, all defendants other than the Warden of the Tri-County Detention Center will be dismissed from this case.

### Filing Fee

On July 8, 2015, prior to the transfer of this case to the Southern District, petitioner's motion for leave to proceed *in forma pauperis* ("IFP") was denied (Doc. 5). He was ordered to pay the $5.00 filing fee no later than August 5, 2015, or face dismissal of his case. This fee has never been paid.

In light of the disruption in delivery of mail to petitioner due to his transfer, he shall be given one more opportunity to comply with the filing fee requirements. Petitioner is **ORDERED** to pay the $5.00 filing fee to the Clerk of Court within 14 days of the date of this Order. Failure to pay the fee shall result in the dismissal of this action. *See* Fed. R. Civ. P. 41(b).

### Pending Motion

The motion for attorney representation (Doc. 4) shall be referred to the United States Magistrate Judge for disposition.

### Disposition

**IT IS HEREBY ORDERED** that the Chief Director of the Department of Homeland Security, the Director of the Chicago Field Office of Immigration Customs Enforcement, the Attorney General, and the Warden of the McHenry County Jail are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Warden of the Tri-County Detention Center shall answer the petition within thirty days of the date this Order is entered.[2]  This order to respond does not preclude the respondent from making whatever waiver, exhaustion, or timeliness arguments it may wish to present to the Court.  Service upon the Administrator, Tri-County Detention Center, 1026 Shawnee College Road, Ullin, Illinois, 62992 shall constitute sufficient service.

Out of an abundance of caution, and pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the petition and this Order to the United States Attorney for this District, and to send a copy of the petition and Order via registered or certified mail to the United States Attorney General in Washington, D.C., to the United States Department of Homeland Security, to the United States Immigration & Customs Enforcement, and to the designated attorneys of record in the United States Attorney's Office for the Northern District of Illinois.  The **CLERK** is also **DIRECTED** to not terminate counsel who entered designations in this case prior to the case's transfer to this Court at this early stage.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and respondent) informed of any change in his whereabouts during this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 2, 2015**

Digitally signed by David R. Herndon
Date: 2015.09.02 09:31:08 -05'00'

**United States District Judge**